UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEATRICE FERNANDES, § <br> § <br> Plaintiff, § <br> -vs- § <br> § <br> DEUTSCHE BANK TRUST COMPANY, § <br> HUBZU USA, INC., and REALHOME § <br> SERVICES AND SOLUTIONS, INC. § <br> § <br> Defendants. § | CASE NO.: 1:15-cv-06928-JBS-KMW |

**REPLY BRIEF IN SUPPORT OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SAXON ASSET SECURITIES 2007-3, MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2007-3, IMPROPERLY NAMED AS DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO STRIKE LIS PENDENS**

Defendant Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities 2007-3, Mortgage Loan Asset Backed Certificates, Series 2007-3, improperly named as Deutsche Bank National Trust Company ("Defendant") states only one key point in further support of its Motion to Strike the Lis Pendens.

Fernandes' argument that "[t]he 'more likely than not' approach has been explicitly rejected by the courts" is incorrect. Opp. Br. at 4. First, Fernandes' cited authority expressly states that "the statute now requires that plaintiff show that there is a "probability that final judgment will be entered in favor of plaintiff sufficient to justify the filing or continuation of the notice of lis pendens." *Fravega v. Security Savings & Loan Ass'n.,* 192 N.J. Super. 213, 218 (Ch. Div. 1983) (citing N.J.S.A. 2A:15-7(b)). "The utilization of the word' probability' by the drafters of the statute, while not compelling, supports the view that what was intended was that the court uphold the filing of the notice of lis pendens in those situations where the proofs establish that it is probable or more likely than not that judgment will be entered for the plaintiff." *Id.* This standard has been routinely enforced, and is the only controlling standard in

New Jersey.  *Gage v. Wells Fargo Bank, N.A. AS*, No. 12-cv-777-FLW, 2013 WL 3443295, at \*6 (D.N.J. July 9, 2013) *aff'd*, 555 F. App'x 148 (3d Cir. 2014); *Spring Creek Holding Co. v. Keith*, No. 02-CV-376-JLL, 2006 WL 2715148, at \*3 (D.N.J. Sept. 22, 2006).

Courts further recognize that "[t]he purpose of the statute was to prevent the unfair use of lis pendens which creates a hardship on the owners of real estate where the alleged interest in the property *is uncertain or problematical*."  *Id.* (emphasis added).  Where a Court finds "it highly unlikely, if not impossible, that a final judgment will be entered in [plaintiff's] favor," the lis pendens should be discharged to avoid imposing further hardship on the moving party. *Gage*, 2013 WL 3443295, at \*6 (granting motion to strike lis pendens).

Because Fernandes has not alleged any facts of an oral or written agreement that satisfies the New Jersey Statute of Frauds, N.J.S.A. § 25:1-13, Fernandes has failed to show she has a "probable" likelihood of success on her claimed interest in the Property.  There is no dispute that there is no purchase agreement between Fernandes and Deutsche Bank to sell the Property.  Moreover, Hubzu's Terms & Conditions, a prerequisite to viewing any properties on Hubzu.com, created a binding contract between the parties and required a written agreement to sell any property.  Britsch Cert., ¶ 5 and Exhibit C, at § 4.1.  Fernandes argues that "an interest in the property can come from causes of action other than breach of contract," but fails to address the well-established New Jersey law that promissory estoppel cannot be a cause of action where, as is the case here, a binding agreement governs the parties' relationship.  *Adler Engineers, Inc. v. Dranoff Properties, Inc*., No. 14-921 RBK/AMD, 2014 WL 5475189, at \*12 (D.N.J. Oct. 29, 2014); *Sullivan v. Sovereign Bancorp., Inc*., No. 99–5990, 2001 WL 34883989, at \*9 (D.N.J. Jan.19, 2001).

Fernandes' agent, David Shapiro, registered with Hubzu.com.  Britsch Cert., Exhibit B. Accordingly, David Shapiro had to have accepted the Terms & Conditions in order to view the Property online.  *Id.*  The allegation that Shapiro chose to email a Hubzu employee rather than bid on the Property through the formal online auction process cannot qualify as an agreement recognized by either the New Jersey Statute of Frauds or Hubzu's Terms & Conditions.   Indeed, Fernandes' Opposition fails to address this core issue.

Because it is not possible for Fernandes to be awarded purchase of the Property regardless of the success of her fraud claims, Defendant respectfully requests that this court strike the Lis Pendens that Fernandes filed on the Property.

Dated:  Philadelphia, Pennsylvania
        November 9, 2015

By: ___*/s/ Brett L. Messinger*
    Brett L. Messinger
    blmessinger@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
215.979.1508 (telephone)
215.979.1020 (facsimile)
Attorneys for Defendant Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities 2007-3, Mortgage Loan Asset Backed Certificates, Series 2007-3, improperly named as Deutsche Bank National Trust Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEATRICE FERNANDES, § | |
| § | |
| Plaintiff, § | CASE NO.: 1:15-cv-06928-JBS-KMW |
| -vs- § | |
| § | |
| DEUTSCHE BANK TRUST COMPANY, § | |
| HUBZU USA, INC., and REALHOME § | |
| SERVICES AND SOLUTIONS, INC. § | |
| § | |
| Defendants. § | |

## CERTIFICATE OF SERVICE

I, Brett L. Messinger, hereby certify that on November 9, 2015, I caused a true and correct copy of the Reply Brief Supporting Defendants' Motion to Strike Lis Pendens to be served via the court's ECF system on the following:

David J. Khawam, Esq.
Law Office of David J. Khawam
216 Haddon Avenue, Suite 604
Westmont, NJ 08108
*Attorneys for Plaintiffs*


By:___*/s/ Brett L. Messinger*
       Brett L. Messinger

4